

# NUMBER 13-14-00311-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RICHARD BIANCHI

### On Petition for Writ of Mandamus and
### Petition for Writ of Prohibition.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Per Curiam Memorandum Opinion[1]

On June 4, 2014, relator, Richard Bianchi, Aransas County Attorney, filed a motion for emergency relief and a petition for writ of mandamus and petition for writ of prohibition in the above cause seeking to vacate orders issued on May 29, 2014 and June 3, 2014 by the respondent, the Honorable William Adams, the Presiding Judge of the County Court at Law of Aransas County, Texas. We granted an emergency stay of the respondent's May 29, 2014 order appointing an attorney pro tem and an emergency stay

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

of the respondent's June 3, 2014 order of clarification. We requested that the State of Texas, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus and petition for writ of prohibition. On June 10, 2014, Michael Welborn, the District Attorney of Aransas County filed a response to the petition stating that the District Attorney is not a real party in interest in this matter. On June 12, 2014, the respondent notified this Court that he had rescinded the orders at issue in this original proceeding. The respondent filed with this Court an order rendered that same day that rescinded the May 29, 2014 order appointing an attorney pro tem and the June 3, 2014 clarification order.

The Court, having examined and fully considered the petition for writ of mandamus and petition for writ of prohibition, the response, and the orders issued by the respondent, is of the opinion that this matter has been rendered moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . ."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). Accordingly, the Court LIFTS the stay previously imposed by this Court and DISMISSES this cause as moot. *See* TEX. R. APP. P. 52.8(a). This dismissal is without prejudice to refiling if necessary.

PER CURIAM

Delivered and filed the
13th day of June, 2014.

2